UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIYKAEL MUHAMMAD,<br>    Plaintiff,<br><br>    v.<br><br>CITY OF CHICAGO, ET AL.,<br>    Defendants. | Case No. 13 C 2916<br><br>Judge John Robert Blakey<br><br>Magistrate Judge Geraldine Soat Brown |

To: Hon. John Robert Blakey
      United States District Judge

### REPORT AND RECOMMENDATION

Geraldine Soat Brown, United States Magistrate Judge

For the reasons set forth below, as well as those discussed in this court's March 17, 2015 Order, this court respectfully recommends that this lawsuit be dismissed with prejudice.

### STATEMENT

On March 17, 2015, this court entered an order granting defendant Officer John McGuire's ("McGuire") motion to compel and directing plaintiff Miykael Muhammad ("Muhammad") to serve complete, responsive, and truthful answers to the four outstanding interrogatories by March 27, 2015 or risk having his lawsuit dismissed. [Dkt 88.] When that deadline passed, defense counsel filed a status report stating that Muhammad served no additional interrogatory answers. [Dkt 97.] As discussed below, this court finds Muhammad's answers to the four interrogatories at issue in McGuire's second motion to compel (Mot. to Compel) [dkt 73] insufficient. By ignoring this court's discovery order and prior discovery orders entered by the District Judge, including an order finding the interrogatories at issue to be relevant and not unduly burdensome, Muhammad's non-compliance was willful and done in bad faith. Muhammad has been given multiple opportunities to provide complete and truthful answers to McGuire's relevant interrogatories. [Dkt 67, 72, 88.] Because of his failure to do so, and in accordance with Fed. R. Civ. P. 37(b)(2)(A)(v), this court respectfully recommends that the District Judge dismiss this case with prejudice.

Interrogatory No. 1

In this interrogatory, McGuire requests that Muhammad provide all prior names he has used. (Mot. to Compel at 2.) In his answer, Muhammad provides only the name Miykael Farad Muhammad. (*Id*.) McGuire asserts that Muhammad has filed lawsuits in this district under a different name. (*Id*.) A search of CM/ECF confirms this assertion. *See Gardner v. State of Illinois,* 12-cv-8339 (the caption lists the plaintiff as "Michael Gardner ex rel other Miykael Muhammad"); *Muhammad v. Bail, et al,* 13-cv-8227 (the caption lists the plaintiff as "Miykael Muhammad Minister, formerly known through involuntary servitude as Michael Gardner"). Because there is evidence that Muhammad has used at least one other name, yet has not stated that in his answer to Interrogatory No. 1, the court finds his answer to be untruthful and incomplete.

Interrogatory No. 2

In this interrogatory, McGuire requests that Muhammad provide his current and past driver's license numbers from any state. (Mot. to Compel at 3.) This is relevant because Muhammad's complaint alleges that he is the "possessor of private vehicular property." (Compl. ¶ II A.) [Dkt 1.] Muhammad's answer suggests that he does not currently have a driver's license: "Plaintiff does not own any government numbers granting permission to operate a commercial vehicle." (Mot. to Compel at 3.) However, Muhammad makes no mention of whether he currently has a driver's license to operate a private vehicle or whether he previously had any driver's licenses. (*Id*.) Therefore, the court finds his answer to Interrogatory No. 2 to be unresponsive and incomplete.

Interrogatory No. 13

In this interrogatory, McGuire requests that Muhammad disclose whether he has ever been pulled over, arrested, or stopped by police. (*Id*.) Muhammad does not provide a clear answer stating, in part, that he "was unlawfully seized by men and women with guns before." (*Id*.) Because Muhammad does not clearly answer this interrogatory, the court finds his response to Interrogatory No. 13 to be unresponsive and incomplete.

Interrogatory No. 16

In this interrogatory, McGuire requests that Muhammad explain how he knows two witnesses he disclosed, Omie Nivens and Basil Mohammad. (*Id.* at 4.) Muhammad explains that he worked with Omie Nivens and states that he is "acquainted with Basil Muhammad through God." (*Id.* at Ex. A.) Because Muhammad has not adequately explained how he knows Basil Mohammad, the court finds his answer to Interrogatory No. 16 to be unresponsive and incomplete.

As discussed in the March 17, 2015 Order, a court can order dismissal under Rule 37 "as long as it first considers and explains why lesser sanctions would be inappropriate" and has "clear and convincing evidence of willfulness, bad faith or fault." *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003). Courts have defined bad faith as "conduct which is either intentional or in reckless disregard of a party's obligations to comply with a court order," and fault as the failure to act

reasonably.  *Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992).

Because Muhammad is proceeding *in forma pauperis,* monetary sanctions would be fruitless.  The court now also finds that his failure to provide complete, responsive, and truthful answers to these four relevant interrogatories to be willful and done in bad faith.  Muhammad's repeated defiance of court orders has resulted in a five month delay in the discovery process.  Further, there is little evidence to suggest that he will comply with future court orders.  Muhammad has demonstrated willful non-compliance, and therefore this court respectfully recommends that the District Judge dismiss this case with prejudice.

Specific written objections to this report and recommendation may be served and filed within 14 days from the date this order is served.  Fed. R. Civ. P. 72.  Failure to file objections with the district court within the specified time will result in waiver of the right to appeal all findings, factual and legal, made by this court in the report and recommendation.  *Lorentzen v. Anderson Pest Control,* 64 F.3d 327, 330. (7th Cir. 1995).


April 15, 2015                                           /s/ Geraldine Soat Brown
                                                         United States Magistrate Judge